UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JONES, | No. 2:14-cv-0591 JAM DAD P |
| Petitioner, | |
| v. | ORDER |
| UNKNOWN, | |
| Respondent. | |

On March 3, 2014, petitioner, a state prisoner proceeding pro se, filed a document with this court, which the Clerk of Court accepted and docketed as a motion to stay. In an abundance of caution, the Clerk opened a new case with the filing, classifying it as a habeas action.

The motion to stay has been pending before the court for over a year, and petitioner has not submitted anything else to this court since mid-March 2014. The motion is extremely vague, and it is not clear to the court what petitioner's purpose was in filing it. The text of the motion suggests it could be an attempt to file what is known as a "protective habeas petition," although the filing does not contain that term. A protective petition is an application for federal habeas relief that

> ask[s] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file [a protective petition] in federal court.

1

1 | Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005).

2 |     The court's management of its docket and caseload requires that petitioner take some action to indicate his current intentions with this case. Therefore petitioner will have thirty days from the date of this order in which to do one of the following: (1) file a complete petition for writ of habeas corpus clearly stating what federal claims against his criminal conviction and sentence petitioner wishes to purse and clarifying if his initial request for a stay is, in fact, a protective habeas petition; or (2) if petitioner does not want to pursue any federal habeas claims at this time, file a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1). If petitioner chooses the first option, he must pay the filing fee of $5.00 that is required for all new habeas cases. If he cannot afford the filing fee, he may apply to proceed in forma pauperis.

    Petitioner is apprised that if he does not follow one of the above options or otherwise respond to this order within thirty days, the court will recommend his case be dismissed for failure to prosecute his claims, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110.

    Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner will be granted thirty days from the date of this order in which to do one of the following: (1) file a complete petition for writ of habeas corpus clearly stating what federal claims against his criminal conviction and sentence petitioner wishes to pursue and clarifying if his initial request for a stay is, in fact, a protective petition; or (2) if petitioner does not want to pursue any federal habeas claims at this time, file a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1).

2. The Clerk of the Court is directed to send petitioner a copy of the court's form for application for writ of habeas corpus and a copy of the in forma pauperis form used by this district.

Dated: August 6, 2015

hm
jone0591.osc

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE